UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

JULIUS MACKEY #172619,

        Plaintiff,                      Case No. 2:07-cv-43

v.                                            Honorable R. Allan Edgar

PEGGY ANN CARBERRY, et al.,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

    I.        Factual allegations

Plaintiff, an inmate at the Alger Maximum Correctional Facility (LMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Assistant Resident Unit Supervisor Peggy Ann Carberry, Program Classification Director Sarah Schroeder, Grievance Coordinator Wayne Trierweiler, Warden David Bergh, Deputy Warden Lloyd Rapelje, Resident Unit Manager Unknown McBurney, Resident Unit Manager Unknown Denver, Assistant Resident Unit Supervisor Tom Salo, Assistant Resident Unit Supervisor Robert Johnson, Case Manager Lynne Phillipson, Assistant Resident Unit Supervisor Denise Gerth, Assistant Resident Unit Manager Cathy Bauman, Inspector Jeff Contreras, Assistant Deputy Warden Lyle Rutter, Resident Unit Manager Curt Rife, Sergeant Tim Lee, Sergeant James Rankin, Resident Unit Officer K. Peterson, Investigator James Armstrong, MDOC Director Patricia L. Caruso, James W. MacMeekin, Resident Unit Officer Unknown Sego, Resident Unit Officer Kelly Johnson, Resident Unit Officer Unknown Heidtman, and Resident Unit Officer D. Kuth.

Plaintiff alleges in his complaint that he was confined to administrative segregation at LMF on October 1, 2001, for a "trumped up" charge of assault. Near the end of 2004, Plaintiff requested to be released from administrative segregation. Subsequently, Officer Sharrett lied and claimed that he observed Plaintiff using a towel to plug the toilet and flood the hallway floor. Plaintiff then received misconduct tickets and was denied release to the general population. Plaintiff was told that he would be reconsidered for release after going 60 to 90 days ticket free.

Plaintiff alleges that on October 20, 2005, he filed a grievance regarding his continued confinement in administrative segregation and was informed that there was a Regional Prison

Administration (RPA) hold on his release to the general population. Plaintiff wrote letters to Defendants Bergh and MacMeekin on February 21, 2006, May 22, 2006, October 4, 2006, and November 29, 2006, requesting that the hold be removed, to no avail. Defendant Carberry attempted to fabricate Plaintiff's monthly review in June of 2006, stating that Plaintiff had two bondable tickets and one non-bondable ticket. When Plaintiff pointed out this fabrication, the report was corrected. On November 22, 2006, Plaintiff wrote to Defendant Caruso regarding the hold, but never received a response.

On February 20, 2006, Plaintiff wrote to Defendant Bergh and explained that the lack of fresh air in the administrative segregation unit violated the Eighth Amendment because it circulated pollutants, bacteria, mace gas (when used), foul odors, and cold air in the winter. In addition, Plaintiff complained that the toilets in the prisoner rooms back up with body waste and prisoners are given a toilet brush with a 3 inch handle and no gloves for use in cleaning the toilets. On February 21, 2006, Plaintiff filed a grievance, which was responded to by Defendants Rankin, Bergh, McBurney and Armstrong. However, none of the responses resolved the problems raised by Plaintiff in his grievance.

Plaintiff states that Defendant MacMeekin gave him an annual interview for the first time in August of 2006, nearly five years after his placement in administrative segregation. Plaintiff contends that he is now being told that his overall history warrants Level V custody, and that he has received two 24-month continuances for parole. Plaintiff continues to file grievances in which he seeks to be released from administrative segregation. As a result, Plaintiff was removed from his job as a porter by Defendant Carberry despite the fact that he did not receive an unsatisfactory job evaluation. Plaintiff wrote to Defendant Rapelje regarding the loss of his job, to no avail. Defendant

Phillipson improperly responded to Plaintiff's grievance and Defendant Peterson gave Plaintiff an unfavorable monthly review after Plaintiff filed a grievance on him regarding the loss of his porter assignment. Defendant Schroeder subsequently denied Plaintiff indigent status for one year because of Plaintiff's job termination, despite the fact that Plaintiff's work evaluation was "satisfactory." Plaintiff alleges that on September 14, 2006, Defendant Johnson denied him breakfast. Defendant was subsequently denied dinner by Defendant Heidtman. Plaintiff claims that Defendant Sego accused Plaintiff of manipulating staff in his monthly administrative segregation review in an attempt to keep Plaintiff in administrative segregation.

On September 27, 2006, Defendants Trierweiler, Bergh and Rutter placed Plaintiff on modified access to the grievance procedure for two improperly rejected grievances. During this time, Plaintiff claims that Defendant Trierweiler improperly denied his requests for grievance forms. Plaintiff claims that Defendants' conduct violated his rights under the First, Eighth and Fourteenth Amendments. Plaintiff seeks compensatory, punitive and exemplary damages, as well as injunctive relief.

II.   Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of

substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that he was improperly placed on modified access to the grievance procedure. Under Michigan Department of Corrections policy, a prisoner is placed on modified access for filing "an excessive number of grievances which are frivolous, vague, duplicative, non-meritorious, raise non-grievable issues, or contain prohibited language. . .or [are] unfounded . . . ." MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ II. (effective April 28, 2003). The modified access period is ninety days and may be extended an additional thirty days for each time the prisoner continues to file a prohibited type of grievance. *Id.* While on modified access, the prisoner only can obtain grievance forms through the Step I coordinator, who determines whether the issue is grievable and otherwise meets the criteria under the grievance policy. *Id.*, ¶ LL.

The Sixth Circuit has addressed modified access to the grievance process in an unpublished opinion and has held that such modified access does not deny a Michigan prisoner the right or ability to seek redress for meritorious grievances. Rather, it merely requires the prisoner to obtain permission from the grievance coordinator to file a grievance. *Corsetti v. McGinnis*, No. 00-1409, 2001 WL 1298830, **2 (6th Cir., Aug. 7, 2001); *Hartsfield v. Mayer*, No. 94-00122, 1996 WL 43541, **3 (6th Cir. Feb. 1, 1996).

The undersigned notes that the adoption of a prisoner grievance procedure is not mandatory under 42 U.S.C. § 1997e(b)(1). *Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992). Nor does the Constitution create an entitlement to grievance procedures "or access to any such procedure voluntarily established by a state." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994), *cert. denied*, 514 U.S. 1022 (1995). Moreover, a Michigan state prisoner's right to use the grievance

procedure is not derived from mandatory language in a regulation, nor does placement on modified grievance access constitute an "atypical and significant hardship" on a prisoner. *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995). Therefore, Plaintiff's due process claim with regard to his placement on modified access is properly dismissed.

Plaintiff contends that he was placed on modified access to the grievance procedure in retaliation for his use of the grievance process. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). The filing of a prison grievance is constitutionally-protected conduct for which a prisoner cannot be retaliated against. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001); *Hall v. Nusholtz*, No. 99-2442, 2000 WL 1679458, at *2 (6th Cir. Nov. 1, 2000); *Burton v. Rowley*, No. 00-1144, 2000 WL 1679463, at *2 (6th Cir. Nov. 1, 2000).

A state prisoner fails to show a First Amendment violation based on his placement on modified grievance access, where modified access to the grievance process does not deny him the right or ability to seek redress for meritorious grievances, but merely requires him to obtain permission from the grievance coordinator to file a grievance. *Corsetti v. McGinnis*, No. 00-1409,

2001 WL 1298830, **2 (6th Cir., Aug. 7, 2001). In Michigan, a prisoner's placement on modified access to the grievance procedure merely enables prison officials to screen his grievances prior to filing to determine whether they are meritorious. See MDOC Policy Directive 03.02.130(II)(PP). Consequently, the adverse action asserted in this case would not deter a person of ordinary firmness from engaging in protected conduct. Therefore, Plaintiff's claim that his placement on modified access was retaliatory is properly dismissed.

Plaintiff alleges that the loss of his job and his continued confinement in administrative segregation violates his Fourteenth Amendment right to procedural due process. The court notes that this claim is without merit on the basis of *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293 (1995). In *Sandin*, the plaintiff alleged that prison officials deprived him of procedural due process by refusing to allow him to present witnesses during a disciplinary hearing and then sentencing him to segregation for misconduct. *Sandin*, 515 U.S. at 474, 115 S. Ct. at 2294. In reversing the Ninth Circuit's decision that the prisoner had a liberty interest in remaining free of disciplinary segregation, the Supreme Court abandoned the search for mandatory language in prisoner regulations as previously called for under *Hewitt v. Helms*, 459 U.S. 460 (1983), and ruled instead that it was time to return to the due process principles which were established in *Wolff v. McDonnell*, 418 U.S. 539 (1974), and *Meachum v. Fano*, 427 U.S. 215 (1976). *Sandin*, 515 U.S. at 483, 115 S. Ct. at 2300 (internal citations omitted).

In *Sandin*, the Supreme Court noted that in some cases, a restraint might be so extreme as to implicate rights arising directly from the Due Process Clause itself. *Sandin*, 515 U.S. at 483-484, 115 S. Ct. at 2300 (internal citations omitted). In addition, the Court recognized that States may create liberty interests protected by the Due Process Clause where the freedom from

restraint imposed "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484, 115 S. Ct. at 2300. However, Plaintiff's loss of a job while in prison does not constitute an atypical and significant hardship because he has no inherent constitutional right to rehabilitation, education, job assignments, or other programming. *See Rhodes v. Chapman*, 452 U.S. 337, 348, 101 S. Ct. 2392, 2400 (1981); *Moody v. Daggett*, 429 U.S. 78, 88 n.9, 97 S. Ct. 274, 279 n.9 (1976); *Newsom v. Norris*, 888 F.2d 371, 374-75 (6th Cir. 1989); *Canterino v. Wilson*, 869 F.2d 948, 952-54 (6th Cir. 1989); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987); *Bills v. Henderson*, 631 F.2d 1287 (6th Cir. 1980). In addition, the *Sandin* Court concluded that mere placement in administrative segregation did not implicate a liberty interest because the segregation at issue in that case did not impose an atypical and significant hardship. *Sandin*, 515 U.S. at 484. Therefore, Plaintiff's due process claims regarding the loss of his job and his confinement in administrative segregation are properly dismissed.

Plaintiff claims that his Eighth Amendment rights were violated by prison conditions such as poor ventilation and the lack of proper cleaning supplies for cleaning toilets, as well as the denial of breakfast and dinner on September 14, 2006. An Eighth Amendment claim is stated where a prisoner is denied some element of civilized human existence due to deliberate indifference or wantonness. *Wilson v. Seiter*, 501 U.S. 294 (1991); *see also Hudson v. McMillian*, 503 U.S. 1 (1992); *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996). In sum, this prong of the Eighth Amendment affords protection against conditions of confinement which constitute health threats, but not against those which cause mere discomfort or inconvenience. *Hudson*, 503 U.S. at 9-10 (requiring "extreme" or "grave" deprivation); *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989), *cert. denied*, 493 U.S. 969 (1989); *Harris v. Fleming*, 839 F.2d 1232, 1235-

36 (7th Cir. 1988). Plaintiff has not alleged a deprivation which triggers this form of Eighth Amendment scrutiny. Therefore, the undersigned recommends dismissal of Plaintiff's Eighth Amendment claims.

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   May 23, 2007

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).